CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

**RENEE GARCIA**
Acting Philadelphia City Solicitor
(215) 683-5003
renee.garcia@phila.gov

**KATHRYN FARIS**
Senior Attorney
Civil Rights Unit
(215) 683-5445
kathryn.faris@phila.gov

January 5, 2024

Via email
Hon. Juan R. Sánchez
Chief Judge
United States District Court
8613 United States Courthouse
601 Market Street
Philadelphia, PA 19106
Chambers_of_Chief_Judge_Sanchez@paed.uscourts.gov

Re: *Requested Consolidation of Remaining NFU Cases for the Limited Purpose of Case Management Coordination*

Dear Judge Sánchez,

I write on behalf of all defendants, pursuant to local Rule 42.1, to request that the cases identified in the attached chart be referred to a Magistrate Judge for the purpose of managing discovery. While the rule contemplates "consolidation" of matters, the purpose of this requested referral is to encourage the efficient completion of discovery in all of the referred matters, most of which involve the same defendants. I have consulted counsel for all defendants and Mr. Walker, who represents himself in this litigation, and have included with this request their position regarding the City's request to consolidate the remaining cases for the limited purpose of coordinating the case management schedules to allow individual discovery in each case on a rolling basis.

By way of brief background, all of these cases generally allege that some members of the Narcotics Field Unit violated the plaintiffs' constitutional rights and that the individual defendants and City of Philadelphia are responsible for this alleged harm. The matters are colloquially referred to as "NFU Cases." The identified cases were previously marked as related to *McIntyre v. Liciardello, et al.*, 13-2773, over which the Honorable Paul S. Diamond presided. Judge Diamond ordered the Plaintiffs in those matters to select six bellwether cases and stayed the remaining cases during the litigation of the bellwethers. Three of the bellwether cases settled. Two went to trial,

*Mitchell v. City of Philadelphia, et al.* (No. 14-6356) and *Torain v. City of Philadelphia, et al.* (No. 14-1643), where the juries reached and returned a full defense verdict. The third bellwether case, *Mills v. City of Philadelphia, et al.* (14-593), has both of the City's dispositive and *Daubert* motions still pending. The summary judgment motions filed by several of the individual defendants in *Mills* were granted.

On November 15, 2023 Judge Diamond lifted the stay for the remaining non-bellwether matters and ordered that the cases be randomly assigned for trial purposes. Because many of those matters resolved while in stay, the City conducted an inventory of the remaining cases and has determined that, as of the writing of this letter, 44 cases remain. Thirty-four of these matters are identified in the attached list, which, pursuant to Local Rule 42.1,(1)(a) includes the docket name, number, counsel, and assigned jurist. Consistent with the requirement that this application must identify whether all parties support consolidation, *Id.* at (1)(b), the list is also annotated with the position of Plaintiffs' counsel. Deferring to the expressed preferences of several judges at conferences, ten of these matters have not been submitted with this referral request.

The City respectfully submits that limited consolidation for coordinated discovery is warranted because of the extent to which each of the cases will require the appearance and deposition of a discrete number of individual defendants. While the majority of the cases will rely upon the *Monell* discovery conducted during the *McIntyre* litigation, the discovery for the individual claims have not yet been conducted. It is also possible that limited *Monell* discovery will be needed for some of these matters, whose issues were not fully captured by the timeframe of the *Monell* discovery conducted in *McIntyre.* It is the position of the City and all individual defendants including Mr. Walker, who represents himself in these matters, that the simultaneous litigation of all claims on the same or similar deadlines would be unworkable given the time required for deposition discovery in each case.

Furthermore, the imposition of the stay and the agreed-upon bellwether structure has weighed significantly more heavily on some plaintiffs than on others – the remaining cases were filed between twelve and just two years ago. As a result, the City respectfully suggests that coordination of discovery by a Magistrate Judge could be appropriately prioritized based on the age of the filing. To that end, the City proposes that matters filed between 2011 through 2014 be included in the first group of cases to go through discovery, followed by matters filed 2015 through 2016, followed by matters filed 2017 through 2019, and that all matters filed after 2020 be included in the last group to go through discovery. As noted, the scope of this proposed consolidation would be for discovery purposes only and, upon completion of discovery, matters could be reassigned to the attached jurist for trial as needed.

We thank the Court for its consideration of this application for consolidation.

Respectfully submitted,

/s/ *Kathryn Faris*
Kathryn Faris

Cc: all counsel of record