**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA – CIVIL DIVISION**

| | |
|---|---|
| AUTRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | Case No.: 2:15-cv-06565-JFM |

**PLAINTIFFS' STATUS REPORT**

Judge John F. Murphy.

**AND NOW COMES**, Plaintiffs, Purnell Autry, in his own right and as P/N/G, Jehiel Autry, a minor, and files this status report, stating in support thereof as follows:

1. The instant action for damages arises from the cognizable damages the Plaintiffs suffered as the result of the liability imposing conduct of the Defendants. See **EXHIBIT A**.

2. The above captioned case was suspended and stayed between December 14, 2015 through November 15, 2023 while the Federal Government (FBI/UDOJ) variously targeted, prosecuted, and/or indicted some or all of the Defendants or their Narcotics Field Unit. This resulted in an 8 year or so suspension of this serious injury case. (See **EXHIBIT A**).

3. Compounding the foregoing is the fact that multiple various attorneys for the Defendants have entered/withdrawn their appearances on behalf of the Defendants both before the stay and now after the stay was lifted, including but not limited to:

a. Christopher H. Rider, Esquire
b. Hannah M. Girer-Rosenkrantz, Esquire
c. Sharon E. Ulak, Esquire

d. Mark Maguire, Esquire
e. Andrew Pomager, Esquire
f. Adam Ross Zurbriggen, Esquire
g. Shelley R. Smith, Esquire
h. Carlton L. Johnson, Esquire

4. Most recently, the Defendants' counsel has changed from Kathryn Faryn, Esquire, Adam Zubbriggen, Esquire and now apparently to Andrew Pomager, Esquire.

5. Some time after the Hon. Judge Paul S. Diamond lifted the stay, Plaintiffs' counsel had to track down an attorney for the City of Philadelphia after which your undersigned counsel believed this matter was postured for settlement and your counsel discounted his reasonable demand to settle this matter.

6. Therefore, when this matter was last conferenced with the Hon. Judge John F. Murphy, your undersigned counsel, labored under the foregoing misbelief amicable settlement was likely. However, since that time there have been no material settlement discussions and apparently your undersigned counsel's subjective belief as to settlement or amicable resolution of this matter in the absence of a more protracted litigation and costly record, witness, party and expert discovery process, was incorrect.

7. Concomitantly, your undersigned counsel's entry of appearance in this matter on February 8, 2024 was apparently not officially lodged in the Office of the Clerk of Courts resulting in your counsel not receiving the orders subsequent to the February 8, 2024 conference in this matter, in particular, the April 15, 2024 order instructing filing of the instant Status Report.

8. Ultimately, your undersigned counsel did receive an order issued on April 24, 2024, which ordered this response by April 26, 2024 or a *non-pros* would be entered against the Plaintiff.

9. As result, your undersigned counsel contacted attorneys Carolton Johnson, Esquire who now represents Officer Jason Reid as well as various attorneys for the Defendant, City of Philadelphia, before being informed attorney Andrew Pomager, Esquire is now the counsel for the City of Philadelphia and related Defendants. Your counsel learned, essentially, that this matter is not going to amicably resolve at this time.

10. In light of the foregoing, your undersigned counsel of record respectfully requests a conference with the Hon. John F. Murphy and all counsel telephonically to address outstanding case management and discovery issues as well as the propounding the pertinent record developed in the NFU corruption cases.

Respectfully submitted,

*/s/ David C. Devine, Esquire* _
David C. Devine