**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEHIEL AUTRY, a minor, by and through his parent and natural guardian PURNELL AUTRY** | : | **CIVIL ACTION No. 15-6565** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants** | : | |

**DEFENDANTS CITY OF PHILADELPHIA, CHARLES H. RAMSEY, AND TIMOTHY MURPHY'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. This action arises from a May 9, 2014[1] vehicular accident involving Jehiel Autry, a passenger in a car which Philadelphia Police Department (PPD) officers attempted to stop. See Am. Compl. ¶¶ 11–15 (ECF No. 1-1).

2. The day of the accident, Defendants Police Officer Jason Reid and Timothy Murphy were patrolling in full uniform and in a marked police vehicle in the area of 13th and Cambria Streets. See PPD Investigation Report, at 1 (Ex. A).

3. Officer Murphy was the recorder, i.e., front passenger, not the driver of the vehicle. See Murphy Dep. 15:3–15:11, 19:20–19:22 (Ex. B).

4. The officers observed a Chevy Equinox, later determined to be stolen, driving northbound on 13th Street. See PPD Investigation Report, at 1 (Ex. A); Murphy Dep. 21:8–22:21 (Ex. B).

---

[1] Some of the paperwork incorrectly refers to the incident as occurring on May 10, 2014, likely because paperwork was being filled out into the 10th.

5. The driver of the Equinox observed police behind him, and proceeded to disregarded a stop sign at 13th and Cambria Street, after which the officers followed the Equinox. See Investigation Report, at 1 (Ex. A); Murphy Dep. 21:8–22:21 (Ex. B).[2]

6. The officers observed the Equinox disregard two stop signs, including the initial one, and two red lights, before crashing on Glenwood Street just before Allegheny. See Murphy Dep. 21:8–22:21 (Ex. B).

7. Officer Reid's purpose in following the vehicle was to see if the license plate came back for any serious violations, to therefore ultimately stop the car. See Reid Dep. 77:3–77:12 (Ex. C) (describing his intent to get information about the tag); Murphy Dep. 37:13–37:15 (Ex. B) (expecting they would ultimately stop the vehicle).

8. The Equinox, having reached a high speed approximating at least 60 miles per hour, fishtailed and crashed. See Murphy Dep. 21:8–22:21, 42:17–42:19 (Ex. B).

9. At the time of the incident, PPD maintained Directive 41, Vehicular Pursuits. See PPD Directive 41 (Ex. D).

10. Among other provisions, the Directive prohibits vehicular pursuits except where an officer believes a pursuit is necessary to prevent, at least, serious bodily injury, or is necessary to prevent escape and there is probable cause a forcible felony has been committed or a deadly weapon is present. Id. at 1.

[2] Autry describes the encounter beginning slightly differently. Specifically, that officers initially successfully stopped the Equinox for failing to use a turn signal. The driver of the Equinox then drove away from the stop. The basis for the initial stop is not material to the arguments made on summary judgment, especially since the conduct allegedly giving rise to liability occurred after the stop sign was disregarded. If anything, Autry's version, in which the Equinox fled from a police stop, characterizes a more serious offense than the Equinox running one stop sign.

11. Officer Murphy and Officer Reid, at the time of this incident, were trained on, familiar with, and had access to Directive 41. See Murphy Dep. 9:7–11:24 (Ex. B); Reid Dep. 22:8–27:18.[3]

12. Jehiel Autry was 14 years old at the time of the incident in May 2014. See PPD Vehicle Investigation Report, 6 (Ex. E).

13. No other PPD personnel, including, i.e., Commissioner Ramsey, were at the scene prior to the crash. See Murphy Dep. 21:8–22:21; 90:17–96:24 (describing incident leading up to crash, then describing efforts after the crash and eventual arrival of other personnel).

Date: July 8, 2025

Respectfully submitted,

/s/ Andrew F. Pomager
Andrew F. Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

[3] Officer Reid later disputes with counsel the standard or interpretation of the policy; to the extent Plaintiff contends that is material to any issue argued, Defendants will address such arguments in their reply. The material fact here is that Officer Reid was familiar with and had access to the policy, and clearly was aware of the general prohibition on pursuits.